USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA BOBBIT,

            Plaintiff,

-against-

CORRECTIONAL OFFICER MONICA MARZAN, et al.,

            Defendants.

LISA BOBBIT,

            Plaintiff,

-against-

CORRECTIONAL SERGEANT DEAN RABIDEAU, et al.,

            Defendants.

16 Civ. 2042 (AT)
18 Civ. 2465 (AT)

**ORDER**

ANALISA TORRES, DISTRICT JUDGE:

      On January 10, 2020, Plaintiff moved to strike declarations submitted by Defendants in connection with their motion for summary judgment. ECF No. 228. On January 15, 2020, Defendants filed a letter in opposition. ECF No. 229. Having reviewed the parties' submissions, Plaintiff's motion is DENIED.

      The argument that a party failed to cite evidence in support of its assertions in contravention of Local Rule 56.1 is properly raised in a party's opposition to summary judgment. "Rule 56(c) [of the Federal Rules of Civil Procedure] and its local counterpart, S.D.N.Y. Civ. R. 56.1, require parties supporting or opposing summary judgment motions to cite to particular materials in the record, and a court *may* confine its review to those materials. But Rule 56(c)(3) makes clear that while the court need consider only the cited materials, it may consider other materials in the record." *Chevron Corp. v. Donziger*, No. 11 Civ. 0691, 2013 WL 1975439, at *2 (S.D.N.Y. May 14, 2013) (internal quotation marks, alterations, and citation omitted); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[A] court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements, [but] it may in its discretion opt to conduct an assiduous review of the record . . . ." (internal quotation marks and citation omitted)). Raising a party's failure to comply with Rule 56.1 in opposition to a motion for summary judgment, rather than in a separate motion to strike, allows the Court to make a fully informed decision whether to exercise its discretion to consider evidence beyond what was cited in the Rule 56.1 statement.

The Clerk of Court is directed to terminate the motion at ECF No. 228.

SO ORDERED.

Dated: January 15, 2020
       New York, New York

ANALISA TORRES
United States District Judge